UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James Ray Walker,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Koehn, M.D.; Hanf, M.D.; Martin P.A./N.P.; John Doe 1, M.D.; and John Doe 2, M.D.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-02054-RFB-DJA<br><br>**Order** |

　　　　Plaintiff moves to amend his complaint to replace John Doe 1, M.D. with Dr. Max Carter. (ECF No. 29). No party has responded to Plaintiff's motion to amend. Because courts in the Ninth Circuit grant leave to amend with liberality and because no party responded, the Court grants Plaintiffs' motion to amend.

　　　　Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that courts should apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Additionally, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. LR 7-2(d). Considering the strong public policy in favor of permitting amendment, the Ninth Circuit's caution to apply Rule 15(a) with extreme liberality, and that no party filed a response, granting leave to amend is appropriate here. The Court thus grants Plaintiff's motion to amend.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to amend (ECF No. 29) is **granted**. The Clerk of Court is kindly directed to file Plaintiff's amended complaint (ECF No. 29-1) on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to electronically serve a copy of this order and of Plaintiff's complaint (ECF No. 29-1) on the Office of the Attorney General of the State of Nevada. This does not indicate acceptance of service for Dr. Max Carter.

**IT IS FURTHER ORDERED** that service on Dr. Carter must be perfected on or before **May 23, 2024** under Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that on or before **March 15, 2024**, the Attorney General's Office shall file a notice advising the Court and Plaintiff whether it accepts service for Dr. Carter.[1] If the Attorney General's Office does not accept service for Dr. Carter, the Attorney General's Office must file Dr. Carter's last known address under seal and indicate that it has filed this information under seal in its notice. If Dr. Carter's last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address.

**IT IS FURTHER ORDERED** that if the Attorney General's Office cannot accept service for Dr. Carter, Plaintiff shall file a motion requesting issuance of summons for Dr. Carter. If the Attorney General's Office has not provided a last-known-address for Dr. Carter, Plaintiff shall provide Dr. Carter's full name and address in his motion.

**IT IS FURTHER ORDERED** that if the Attorney General's Office accepts service of process for Dr. Carter, Dr. Carter shall file and serve an answer or other response to the complaint on or before **April 23, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon defendant(s), or if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a

---

[1] The Attorney General's Office has already accepted service on behalf of Dr. Michael Koehn and Dr. Ted Hanf. (ECF No. 22). The Attorney General's Office has indicated that it does not accept service for Nurse Gregory Martin, who is deceased. (*Id.*).

document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED: February 26, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE