UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James Ray Walker,<br><br>                Plaintiff,<br><br>v.<br><br>Koehn, et al.,<br><br>                Defendants. | Case No. 2:22-cv-02054-RFB-DJA<br><br>**Order** |

Before the Court is Plaintiff's motion for a copy of the Local Rules (ECF No. 38) and motion to compel (ECF No. 39).

**I.    Motion for copy of local rules.**

Plaintiff's motion states that he is "in need of this Court's Local Rules" and that he is without the funds to pay for copies himself. (ECF No. 38). Generally, a prisoner has no constitutional right to free photocopying or to obtain court documents without payment. *Bailey v. Williams*, No. 2:19-cv-01725-GMN-BNW, 2021 WL 682053, at \*2 (D. Nev. Feb. 19, 2021) (citing *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991)). Plaintiff has not provided any explanation in his motion about difficulties he is facing in accessing the Local Rules, whether it is possible for him to access the Local Rules at the facility where he is currently residing, or which portions of the Local Rules he might need. The Local Rules are over 100 pages long, meaning that it is difficult for the Court to send a copy, even if it was inclined to send a courtesy copy. The Court will thus deny Plaintiff's motion in part and will grant it in part. It will grant it in part by sending Plaintiff a copy of the table of contents of the Local Rules and the Local Rules relevant to this order as a courtesy.

**II.    Motion to compel.**

Plaintiff moves to compel Defendants Michael Koehn and Ted Hanf to "fully answer interrogatories," that Plaintiff served on November 11, 2023, explaining that Hanf returned his

answers while Koehn did not. (ECF No. 39 at 1). Plaintiff does not explain how Hanf's responses were deficient. (*Id.*). Plaintiff also moves to compel Koehn and Hanf to produce documents in response to requests for production that Plaintiff served on February 14, 2024. (*Id.* at 2). Defendants respond and assert that Plaintiff did not meet and confer before moving to compel. (ECF No. 40). Plaintiff did not reply.

The Court denies Plaintiff's motion to compel without prejudice as premature. While Plaintiff suggests that Hanf's responses to interrogatories were incomplete, he does not explain how, point out which interrogatories Hanf did not fully respond to, or provide the text of the Hanf's responses as required in Local Rule 26-6(b). And while it appears that Koehn's responses to Plaintiff's interrogatories were very late, it is unclear if this delay could have been resolved through the parties meeting and conferring.[1] Because Plaintiff did not explain whether he met and conferred with Defendants regarding these responses before bringing his motion as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-6(c), the Court denies his motion regarding his interrogatories.

Plaintiff also brought his motion to compel regarding his requests for production before Defendants' responses to those requests were due and without meeting and conferring before bringing the motion. Plaintiff served his requests for production on February 14, 2024 but filed his motion less than thirty days later, on February 28, 2024. *See* Fed. R. Civ. P. 34(b)(2)(A) (explaining that the party to whom the request is directed must respond in writing within 30 days after being served). The Court thus denies Plaintiff's motion regarding his requests for production.

---

[1] Hanf's responses also appear to have been late, but neither party addresses this point. Defendants assert that Hanf served his responses to Plaintiff's November 11, 2023 requests on January 12, 2024. (ECF No. 40 at 3). Defendants do not explain whether they reached an agreement with Plaintiff to provide these responses beyond the thirty-day deadline. *See* Fed. R. Civ. P. 33(b)(2) (providing that a party responding to interrogatories must "serve its answers and objections within 30 days after being served with the interrogatories."). However, because neither side explains this delay, the Court does not address it further.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a copy of the Local Rules (ECF No. 38) is **granted in part and denied in part.** It is denied in part regarding Plaintiff's request for a copy of the entire Local Rules. It is granted in part because the Court will send Plaintiff a courtesy copy of the table of contents of the Local Rules, Local Rule IA 1-3, and Local Rule 26-6.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff the following:

1. A copy of the table of contents for the Local Rules of Practice for the United States District Court, District of Nevada.
2. A copy of Local Rule IA 1-3.
3. A copy of Local Rule 26-6.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 39) is **denied without prejudice as premature.**

DATED: March 25, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE