# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James Ray Walker,<br><br>                    Plaintiff,<br><br>    v.<br><br>Koehn, et al.,<br><br>                    Defendants. | Case No. 2:22-cv-02054-RFB-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff James Ray Walker's motion for appointment of counsel. (ECF No. 82). Plaintiff asserts that he cannot afford an attorney, that his imprisonment limits his ability to litigate his case, that the issues in the case are complex, that he is inexperienced, and that the Federal Public Defender's Office withdrew from representing him for reasons unknown to Plaintiff. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Here, the Court grants Plaintiff's motion for appointment of counsel. The Honorable District Judge Richard F. Boulware has already found that plaintiff has made a sufficient showing for appointment of counsel. (ECF No. 68). Having made that finding, Judge Boulware appointed the Federal Public Defender's Office to represent Plaintiff. (*Id.*). However, now the Federal Public Defender's Office has withdrawn. Although Plaintiff's motion does not go into great

detail, because Plaintiff has already made a sufficient showing for appointment of counsel, the Court grants his motion and will refer his case to the Pro Bono Program.

Additionally, this case needs a discovery plan. Defendants Ted Hanf and Michael Koehn filed an answer to Plaintiff's amended complaint on April 29, 2025. (ECF No. 72). On May 6, 2025, the Federal Public Defender's Office withdrew. (ECF No. 75). The parties did not agree on a discovery plan during that time. So, the Court enters one, counting its deadlines 180 days from the date of this order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 82) is **granted.**

**IT IS FURTHER ORDERED** that this case shall be referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

**IT IS FURTHER ORDERED** that the below discovery deadlines shall govern in this case:

| | |
|---|---|
| Amend pleadings/add parties: | January 26, 2026 |
| Close of discovery: | February 23, 2026 |
| Discovery motions: | March 9, 2026 |
| Dispositive motions: | March 25, 2026 |
| Joint pretrial order: | April 27, 2026[1] |

DATED: August 25, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] If dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty days after a decision on the dispositive motions or until further order of the Court. LR 26-1(b)(5).